# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-cv-00845-MMD-NJK |
| Plaintiff(s), | ORDER |
| vs. | (Docket No. 30) |
| TREO NORTH AND SOUTH HOMEOWNERS' ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Counter-claimant Bargain Properties, LLC's motion for leave to serve various Defendants by publication. Docket No. 12. The Court finds the motion properly resolved without oral argument. *See* LR 78-1. For the reasons stated below, the motion is **DENIED** without prejudice.

Service by publication implicates a defendant's fundamental due process rights. *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950); *Price v. Dunn*, 787 P.2d 785, 787 (Nev. 1990). As a result, service by publication is generally disfavored. *See, e.g.*, *Trustees of the Nev. Resort Assoc.-Int'l Alliance of Theatrical Stage Employees & Moving Picture Machine Operators v. Alumifax, Inc.*, 2013 U.S. Dist. Lexis. 106456, *2 (D. Nev. July 29, 2013).

Federal Rule of Civil Procedure 4(e)(1) provides for service "pursuant to the law of the state in which the district court is located, or in which service is effected." Under Nevada Rule of Civil Procedure ("NRCP") 4, parties are required to personally serve summons and the complaint upon

defendants. When personal service proves impossible, however, NRCP 4(e)(1)(i) provides that a party may file a motion for service by publication when the opposing party "resides out of the state, or has departed from the state, or cannot, after due diligence be found within the state, or by concealment seeks to avoid the service of summons." When service of the summons is made by publication, the summons shall, in addition to any special statutory requirements, also contain a brief statement of the object of the action. NRCP 4(b).

A party moving for service by publication must seek leave of court by filing an affidavit demonstrating it diligently attempted to serve the defendant. There are several factors courts consider to evaluate a party's due diligence, including the number of attempts made to serve the defendant at his residence and other methods of locating defendants, such as consulting public directories and family members. *See Price*, 787 P.2d at 786-87; *Abreu v. Gilmer*, 985 P.2d 746, 747 (Nev. 1999); *McNair v. Rivera*, 874 P.2d 1240, 1241 (Nev. 1994).

In this case, Counter-claimant Bargain Properties, LLC has failed to establish the due diligence required to warrant service by publication. Docket No. 30. Attached to the present motion are no affidavits of due diligence. *See id.* Further, Counter-claimant Bargain Properties, LLC does not even contend it diligently attempted to locate the unserved defendants. *Id*. at 3. Accordingly, the motion for leave to serve by publication, Docket No. 30, is **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: July 1, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge