1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

8

9

| | |
|---|---|
10   BANK OF AMERICA, N.A., | )
| | ) Case No. 2:16-cv-00845-MMD-NJK
11                   Plaintiff(s), | )
| | )
12   v. | )
| | ) ORDER
13   TREO NORTH AND SOUTH HOMEOWNERS' | )
     ASSOCIATION, INC., et al., | )
14 | )
                   Defendant(s). | )
15 | )

16          Pending before the Court is the parties' renewed discovery plan, Docket No. 58, which is hereby

17   **DENIED**.  The presumptively reasonable discovery period is 180 days from the date of a defendant's

18   first appearance.  *See* Local Rule 26-1.  The discovery plan seeks a discovery period of 180 days from

19   the order lifting the stay on July 13, 2017.  *Id.* at 2.  The parties fail to account in any way, however, for

20   the time they have already had to conduct discovery.  Indeed, nearly four months passed between the

21   first defendant's appearance and the order staying the case initially.  *Compare* Docket No. 9 (motion to

22   dismiss filed on April 27, 2017) *with* Docket No. 39 (order staying the case on August 18, 2017).  By

23   the time of that order, at least one of the relevant deadlines had already expired.  *See* Docket No. 36

24   (scheduling order establishing deadline to amend the pleadings of July 26, 2017).  The case then had

25   another two-month period of activity.  *See* Docket No. 41 (order lifting temporary stay on January 19,

26   2017); Docket No. 55 (order granting joint motion to stay on March 24, 2017).  In short, a rough

27   equivalent for the presumptively reasonable discovery period has already occurred in this case.  No

28   explanation is provided in the renewed discovery plan as to (1) what discovery has been conducted, (2)

1   what discovery remains to be conducted, and (3) why the Court should restart the entire clock of this

2   case notwithstanding the significant period that has already elapsed during which discovery could (and

3   should) have been undertaken.  The renewed discovery plan is therefore **DENIED**.

4         The parties shall file a further discovery plan, by August 3, 2017, that identifies with particularity

5   the discovery already completed, the discovery remaining, and an explanation for why the parties believe

6   whatever deadlines they seek in that renewed discovery plan are appropriate.[1]

7         IT IS SO ORDERED.

8         DATED: July 31, 2017

9

10                                NANCY J. KOPPE
                               United States Magistrate Judge

---

[1] To the extent the parties seek to reactivate the deadline to amend, they must explain why excusable neglect exists to do so given that it expired before any stay order was entered in this case. *See* Local Rule 26-4.