UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff(s),

vs.

TREO NORTH AND SOUTH HOMEOWNERS' ASSOCIATION, INC., et al.,

    Defendant(s).

Case No. 2:16-cv-00845-MMD-NJK

ORDER

(Docket No. 66)

  Pending before the Court is Plaintiff's motion to stay discovery pending resolution of dispositive motions. *See* Docket No. 66; *see also* Docket No. 63 (motion for partial summary judgment). The Court has previously denied similar motions filed in other cases. *See JPMorgan Chase Bank v. RHKids, LLC*, 2017 U.S. Dist. Lexis 123044 (D. Nev. Aug. 4, 2017) (citing *Bank of N.Y. Mellon v. Vegas Prop. Servs.*, 2017 U.S. Dist. Lexis 66682 (D. Nev. May 2, 2017)). For the reasons discussed therein and below, the Court **DENIES** the motion to stay discovery.

  The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to

stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court finds that a stay of discovery is not appropriate in this case. Most significantly, the Court has taken a preliminary peek at the motion for partial summary judgment and is not convinced that it will be granted.[2] It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583. "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).

Plaintiff's motion for partial summary judgment is premised on the assertion that Ninth Circuit authority finding Nevada's foreclosure statute facially invalid requires judgment in Plaintiff's favor notwithstanding any notice it may have received. *See* Docket No. 66 at 2-3; *see also* Docket No. 1 at 4-5. While Plaintiff cites authority favorable to it, it fails to acknowledge contrary authority. *See Bayview Loan Serv., LLC v. SFR Investments Pool 1, LLC*, 2017 WL 1100955, at *4-5 (D. Nev. Mar.

---

[1] The pending motion is somewhat unusual in that it is the plaintiff seeking a stay of discovery pending resolution of its dispositive motion. As such, the Court modifies the applicable standards in that it is taking a preliminary peek to determine whether it is convinced that dispositive relief will be granted to Plaintiff vis-a-vis its motion for summary judgment.

[2] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

22, 2017) (rejecting arguments similar to those presented by Plaintiff here based on Ninth Circuit authority "that receipt of actual notice deprives a claimant of standing to raise a procedural due process claim"). As such, the Court is not convinced that Plaintiff will prevail on its motion for partial summary judgment, such that conducting discovery will be a waste of effort. *See, e.g.*, *Vegas Prop. Servs.*, 2017 U.S. Dist. Lexis 66682, at *3 (denying stay for same reason).

Accordingly, the Court **DENIES** Plaintiff's motion to stay discovery.

IT IS SO ORDERED.

DATED: August 30, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge