UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No.: 2:16-cv-00845-MMD-NJK |
| Plaintiff(s), | **REPORT AND RECOMMENDATION** |
| v. | |
| TREO NORTH AND SOUTH HOMEOWNERS' ASSOCIATION, INC., et al., | |
| Defendant(s). | |

Pending before the Court is an order for Defendant Homeowners Association Services Inc. to show cause why default judgment should not be entered against it. Docket No. 88. The response to that order was due by August 23, 2018, but none has been filed.

In this case, the Court ordered Defendant to obtain counsel by April 17, 2017, Docket No. 53, and it did not do so. Moreover, it has not filed a notice of appearance by counsel in the intervening months, nor has it responded to the order to show cause as to this shortcoming. A corporation must be represented by counsel in federal court proceedings. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam). The willful failure of Defendant to comply with the Court's order to obtain counsel is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendant willfully refused to comply with the Court's orders.

1

Moreover, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation since corporations may not appear in federal court without licensed counsel. *See id*.

Accordingly, the undersigned **RECOMMENDS** that default judgment be entered against Defendant Homeowners Association Services Inc.

Dated: August 24, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).