UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP,<br><br>Plaintiff,<br>v.<br><br>TREO NORTH AND SOUTH HOMEOWNERS ASSOCIATION, INC.; LALA GRIGORYAN; BARGAIN PROPERTIES, LLC; and HOMEOWNER ASSOCIATION SERVICES, INC.,<br><br>Defendants.<br><br>BARGAIN PROPERTIES, LLC, a Nevada limited liability company,<br><br>Counter-claimant,<br>v.<br><br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING, LP; KERSTIN L. DESJARDINS, an individual; and any and all other persons unknown claiming any right, title, estate, lien, or interest in the Property adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto (DOES 1 through 10 inclusive),<br><br>Counter-defendants. | Case No. 2:16-cv-00845-MMD-NJK<br><br>ORDER |

**I.  SUMMARY**

This dispute arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court are Plaintiff Bank of America, N.A.'s ("BANA") motion for partial summary judgment (ECF No. 96) on its declaratory judgment/quiet title claim

and Defendants Lala Grigoryan and Bargain Properties, LLC's ("Bargain") counterclaims as well as Defendants Grigoryan and Bargain's motion for summary judgment (ECF No. 97). The Court has reviewed the parties' responses (ECF Nos. 98, 101, 102) and replies (ECF Nos. 105, 106, 107). Because the Court agrees with BANA that it properly tendered the superpriority amount, the Court grants BANA's motion for partial summary judgment.

## II. BACKGROUND

The following facts are undisputed unless otherwise indicated.

Kerstin L. Desjardins ("Borrower") obtained a loan in the amount of $138,821, secured by a first deed of trust ("DOT") against the property at issue ("Property") in 2008. (ECF No. 96-1 at 2-3.) MERS assigned the DOT to BANA in 2011. (ECF No. 96-3 at 2.)

Defendant Treo North and South Homeowners Association, Inc. ("HOA") recorded a notice of delinquent assessment lien through its agent, Homeowner Association Services, Inc. ("HAS"), in June 2012. (ECF No. 96-4 at 2-3.) The HOA, through HAS, recorded a notice of default and election to sell in November 2013. (ECF No. 96-5 at 3.)

BANA requested that HAS identify the superpriority amount of the HOA's lien on December 3, 2013. (ECF No. 96-6 at 3, 6-7.) HAS provided an account statement in response. (*Id.* at 3, 9-11.) BANA calculated the nine-month superpriority amount as $585 and tendered that amount to HAS on January 3, 2014. (*Id.* at 3, 13-15.) HAS rejected BANA's tender. (*Id.* at 19, 21; ECF No. 96-7 at 4-5.)

The HOA proceeded with the foreclosure sale after rejecting BANA's tender. Through HAS, the HOA recorded a notice of foreclosure sale in September 2014. (ECF No. 96-8 at 3.) The HOA foreclosed in October 2014, and Grigoryan purchased the Property for $89,000. (ECF No. 96-9 at 3-4.) Grigoryan executed a deed transferring the Property to Bargain several months later. (ECF No. 96-10 at 2-3.)

BANA asserts the following claims in the Complaint: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against the HOA and HAS; (3) wrongful foreclosure against the HOA and HAS; and (4) injunctive relief against Bargain. (ECF No. 1 at 6-15.) In the prayer for relief, BANA primarily requests "[a]n order

declaring that Grigoryan and Bargain Properties purchased the property subject to BANA's senior deed of trust." (*Id.* at 15.)

Bargain asserts counterclaims for quiet title and declaratory relief. (ECF No. 25 at 13-14.)

## III. LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to

show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

Further, "when parties submit cross-motions for summary judgment, '[e]ach motion must be considered on its own merits.'" *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001) (citations omitted) (quoting William W. Schwarzer, *et al.*, The Analysis and Decision of Summary Judgment Motions, 139 F.R.D. 441, 499 (Feb. 1992)). "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id.*

## IV. DISCUSSION

The parties make numerous arguments that the Court need not consider because BANA's tender preserved the DOT. Accordingly, the Court only addresses the parties' arguments relating to tender.

BANA argues that it is entitled to summary judgment because BANA tendered the correct amount to satisfy the superpriority lien.[1] (ECF No. 96 at 4-7.) The Court agrees. Most of the arguments Bargain raises in response were rejected by the Nevada Supreme Court in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018). The Court will address Bargain's remaining arguments below.

Bargain argues that BANA's tender was insufficient because it did not include $150 for maintenance fees. (ECF No. 102 at 8-9.) To show that there were outstanding maintenance fees, Bargain cites to a ledger that the HOA produced in its Rule 26 disclosures. (*Id.* (citing ECF No. 96-12 at 4); *see also* ECF No. 96 at 6 n.2 (describing ECF

---

[1]The HOA supports BANA's position. (ECF No. 98 at 16-19.)

4

No. 96-12 as part of the HOA's Rule 26 disclosures).) The ledger seems to indicate that a $50 landscaping fee was assessed on September 24, 2009, and that an additional $50 landscaping fee as well as a $50 trash container fee were assessed on November 12, 2009. (*See* ECF No. 96-12 at 4.)

BANA argues that the ledger HAS provided to calculate the superpriority amount did not indicate the Property had any outstanding maintenance fees. (ECF No. 107 at 3 (citing ECF No. 96-6 at 10-11).) The Court agrees with BANA that it was entitled to rely on the ledger HAS provided and which did not indicate that any maintenance or nuisance abatement fees were outstanding. *See Bank of Am., N.A.*, 427 P.3d at 118 (recognizing BANA paid "the full superpriority amount" because the HOA's ledger "did not indicate that the property had any charges for maintenance or nuisance abatement."); *see also Bank of Am., N.A. v. Redrock Park Homeowners Ass'n*, No. 2:16-cv-659-JCM-NJK, 2018 WL 6310057, at *3 (D. Nev. Nov. 29, 2018) ("[W]hen BANA sent a check for nine months of assessments to [the HOA], it properly tendered the superpriority portion of the lien" because the ledger BANA relied upon to tender "did not indicate that the property had any charges for maintenance or nuisance abatement.").

Bargain further argues that the tender was impermissibly conditional because it required the HOA to waive its right to collection fees for maintenance and nuisance abatement charges. (ECF No. 102 at 4-5.) Bargain's argument is unpersuasive because BANA was entitled to rely on the ledger HAS produced. Given that the ledger did not include any maintenance fees, BANA was entitled to insist on the condition that its tender—which excluded any maintenance fees and collection costs for those maintenance fees—constituted the superpriority payment amount. *See Bank of Am., N.A.*, 427 P.3d at 118 ("Although Bank of America's tender included a condition, it had a right to insist on the condition.").

Accordingly, the Court will grant BANA's motion for partial summary judgment. The Court declares that Grigoryan and Bargain Properties purchased the Property subject to BANA's senior deed of trust. Given that this is the primary relief BANA requested in its

5

complaint (*see* ECF No. 1 at 15), the Court dismisses BANA's remaining claims as moot. Furthermore, granting BANA's motion necessarily requires denying Grigoryan and Bargain's motion.

**V.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that BANA's motion for partial summary judgment (ECF No. 96) is granted. The Court grants summary judgment in favor of BANA on BANA's first claim for relief as well as Bargain's counterclaims. The Court declares that Grigoryan and Bargain Properties purchased the Property subject to BANA's senior deed of trust. BANA's remaining claims are dismissed as moot.

It is further ordered that Grigoryan and Bargain's motion for summary judgment (ECF No. 97) is denied.

It is further ordered that the Clerk of the Court enter judgment in favor of BANA on BANA's first claim for relief, as well as Bargain's counterclaims.

It is further ordered that the Clerk of the Court close this case.

DATED THIS 29th day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE